Michael J. Frevola
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
ODFJELL SEACHEM A/S

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ODFJELL SEACHEM A/S,

        Plaintiff,

-against-

CONTINENTAL DE PETROLS ET INVESTMENTS SA
a/k/a CONTINENTALE DES PETROLES ET
D'INVESTISSEMENTS a/k/a CPI SA, and
SOCIETE NATIONALE DE COMMERCIALISATION DES
PRODUITS SA a/k/a SOCIETE NATIONALE DE
COMMERCIALISATION DE PRODUITS
PETROLIERS a/k/a SONACOP,

        Defendants.

---

JUDGE RAKOFF

08 CIV 5024

**VERIFIED COMPLAINT**

Plaintiff, Odfjell Seachem A/S ("Plaintiff" or "Odfjell"), by and through its attorneys, Holland & Knight LLP, for its verified complaint against Continental de Petrols et Investments SA a/k/a Continentale des Petroles et d'Investissements a/k/a CPI SA ("CPI") and Societe Nationale de Commercialisation des Produits SA a/k/a Societe Nationale de Commercialisation de Produits Petroliers a/k/a SONACOP ("SONACOP") (collectively "Defendants"), alleges as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 in that it involves claims for laytime and demurrage and other costs arising out of the breach of a maritime contract.

2. At all times material herein, plaintiff Odfjell was and is a business entity organized and existing under the laws of Norway and maintains a place of business at Conrad Mohrs veg 29, P.O. Box 6101, Postterminalen N-5892 Bergen, Norway.

3. Upon information and belief, at all times material herein, defendant CPI was and still is a business entity organized under the laws of a foreign country with an address at Avenue Jean-Paul II, P.O. Box 245, Cotonou, Atlantique, Benin.

4. Upon information and belief, at all times material herein, defendant SONACOP was and still is a business entity organized under the laws of a foreign country with an address at Avenue Jean-Paul II, P.O. Box 245, Cotonou, Atlantique, Benin.

5. Under the terms of an amended BPVOY4 charter party Odfjell, as owner, chartered the BOW CEDAR to Defendants for the carriage of cargos of jet fuel, gasoline, and gas oil ("Charter Party").

6. Disputes subsequently arose between Odfjell and Defendants under the Charter Party with respect to, *inter alia,* Defendants' liability to Odfjell for laytime and demurrage that had accrued prior to Defendants' repudiation of the Charter Party. As a result, Odfjell sued Defendants in the United Kingdom in the Commercial Court of the Queen's Bench Division ("Commercial Court"), and made an application for summary judgment on its claims against Defendants.

7.  On December 15, 2004, the Commercial Court found in favor of Odfjell and against Defendants, and awarded Odfjell damages on its underlying claims, pre-judgment interest, and costs ("Judgment"). A copy of the Judgment is attached hereto as Exhibit 1.

8.  The Commercial Court ruled for Odfjell as follows:

   a.  judgment in the amount of US$ 475,595.26 (with pre-judgment interest);

   b.  judgment in the amount of US$ 25,741.13 if Defendants fail to pay monies owed to Odfjell within fourteen days of the Judgment (which Defendants failed to pay);

   c.  Judgment for Odfjell's costs in the amount of GBP 50,000 (British pounds).

9.  The statutory interest rate under Rule 40.8 of the English Civil Procedure Rules applicable to the Judgment is 8%.

10. It is anticipated that it will take six months to resolve this matter and accordingly post-judgment interest is sought from the date of judgment, December 15, 2004, through November 30, 2008.

11. The breakdown of the total amount sought by Odfjell to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Forfeiture Actions against Defendants is as follows:

   a.  Interest on US$ 475,595.26 from 12/15/2004 through 12/29/2004:                                              US$   1,459.36

   b.  Interest on US$ 501,336.39 (US$ 475,595.26 + US$ 25,741.13) from 12/29/2004 through 11/30/08:              US$157,470.37

   c.  Principal amount of judgment in U.S. dollars                                                                US$501,336.39
       **Total of Judgment in U.S. dollars with interest:**                                                       **US$660,266.12**

   d.  Interest on GBP 50,000 from 12/15/2004 through 11/30/08:                                                    GBP  15,879.66

   e.  Costs awarded in Judgment in British pounds:                                                                GBP  50,000.00
       Total of costs portion of Judgment with interest in pounds:                                                 GBP  65,879.66

3

GBP 65,879.66 converted into U.S. dollars (at exchange published in the Wall Street Journal, May 29, 2008 whereby 1 British pound = 1.9714 U.S. dollars)
**Total of costs portion of Judgment with interest in US$:   US$129,875.16**

f.      **Total Amount Sought:**                                        US$790,141.28

12.     Upon information and belief, and after investigation, Defendants are not found within the Southern District of New York but do have goods, chattels, credits, letters of credit, bills of lading, debts, effects and monies, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or other tangible or intangible property which belongs to them, is claimed by them, is being held for them or on their behalf, or which is being transferred for their benefit, within the jurisdiction and held in the name(s) of Continental de Petrols et Investments SA, Continentale des Petroles et d'Investissements, CPI SA, Societe Nationale de Commercialisation des Produits SA, Societe Nationale de Commercialisation de Produits Petroliers, and/or SONACOP with, upon information and belief, the following financial institutions:  Bank of America, N.A.; Bank of China; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Banco Popular, or any other financial institution within the Southern District of New York.

13.     The principals of comity as set forth in *Hilton v. Guyot,* 159 U.S. 113, 163-64 (1895) provide that judgments of foreign courts may be recognized and enforced as judgments here. This Court has authority to retain security brought before the Court pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims for the purpose of enforcing a

judgment received in a foreign forum. Accordingly, the Judgment is entitled to summary recognition and enforcement as a judgment of this Court.

**WHEREFORE**, Odfjell demands judgment as follows:

A. That process in due form of law according to the practice of this Court in the form of a writ of maritime attachment be issued against bank accounts and other property of Defendants with the financial institutions noted above in paragraph 12;

B. That Defendants and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

C. That judgment be entered in favor of Plaintiff Odfjell Seachem A/S and against Defendants in the amount of US$790,141.28 (including estimated interest);

D. That the Judgment of the Commercial Court of the Queen Bench Division be recognized as a Judgment of this Court in keeping with the principle of comity long recognized by this Court; and

E. That this Court grant Odfjell Seachem A/S such other and further relief which it may deem just and proper.

Dated: New York, New York
      May 30, 2008

HOLLAND & KNIGHT LLP

By: /s/ Michael J. Frevola
Michael J. Frevola
Lissa D. Schaupp
195 Broadway
New York, NY 10007-3189
Tel:  (212) 513-3200
Fax:  (212) 385-9010

*Attorneys for Plaintiff Odfjell Seachem A/S*

## VERIFICATION

STATE OF NEW YORK            )
                             :ss.:
COUNTY OF NEW YORK           )

MICHAEL J. FREVOLA, being duly sworn, deposes and says:

I am a member of the firm Holland & Knight LLP, counsel for Odfjell Seachem A/S, plaintiff in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Odfjell Seachem A/S and corresponded with Odfjell Seachem A/S representatives regarding this matter. I am authorized by Odfjell Seachem A/S to make this verification, and the reason for my making it as opposed to an officer or director of Odfjell Seachem A/S is that there are none within the jurisdiction of this Honorable Court.

_____
Michael J. Frevola

Sworn to before me this
30th day of May, 2008

_____
Notary Public

Linda M. Wilkens
Notary Public, State of New York
No. 01WI9672455
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 30, 2010

6

# EXHIBIT 1

2003 Folio No 966

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

MR NIGEL TEARE QC SITTING AS A DEPUTY JUDGE OF THE COMMERCIAL COURT

BETWEEN:

ODFJELL SEACHEM A/S

Claimant

- AND -

(1) CONTINENTALE DES PETROLES ET D'INVESTISSEMENTS
(2) SOCIÉTÉ NATIONALE DE COMMERCIALISATION DE PRODUITS PETROLIERS

Defendants

**ORDER**

UPON the Claimant's Application for Summary Judgment pursuant to Part 24 of the CPR

AND UPON the Defendants' application for permission to amend their Defence

AND UPON HEARING Counsel for the parties

AND UPON READING the first, second and third Witness Statements of Alan Sidney Bercow dated 29 October 2003, 4 August 2004 and 16 November 2004 and the Witness Statement of Nigel Cuthbert dated 4 August 2004 on behalf of the Claimant filed herein

AND UPON READING the Witness Statement of Jens Paepke dated 10 November 2004 on behalf of the Defendants filed herein

**IT IS ORDERED** that:

1. The Defendants' application for permission to amend their Defence be dismissed;

2. There be judgment for the Claimant in the sum of US$450,447.84 together with interest thereon in the sum of US$25,147.42 and that the Defendants do forthwith pay to the Claimant the total sum of US$475,595.26;

\P1\3179603.3

3. Upon the Defendants paying the balance claimed by the Claimant of US£24,354.47 together with interest thereon of US$1,359.66 into court within 14 days hereof, the Defendants to have permission to defend the Claimant's claim for the said balance;

4. Upon payment into court of the balance by the Defendants as aforesaid:

   (i) the Defendants to serve an amended Defence, setting out their case in respect of the balance, within 28 days hereof;

   (ii) thereafter, the matter to be remitted to the Central London County Court, Mercantile List for further directions;

5. Failing payment into court of the balance by the Defendants as aforesaid, there be judgment for the Claimant in the further sum of US$25,741.13 without further order;

6. The Defendants do pay the Claimant's costs of and occasioned by the Claimant's application, and of this action to date, summarily assessed in the sum of £50,000.

DATED the 15th day of December 2004

*[signature]*

2003 Folio No. 966

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

BETWEEN:

ODFJELL SEACHEM A/S

Claimant

- AND -

(1) CONTINENTALE DES PETROLES ET D'INVESTISSEMENTS

(2) SOCIÉTÉ NATIONALE DE COMMERCIALISATION DE PRODUITS PETROLIERS

Defendants

---

## ORDER

---

Stephenson Harwood
One St Paul's Churchyard
London
EC4M 8SH

Tel:   020 7329 4422
Ref:   1214/01-42-01189
Solicitors for the Claimant

\P\3179603.3